IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Civil No. JFM-04-3386 |
| ROGER A. HUDSON | * | |

*****

OPINION

On October 20, 2004, Plaintiff United States of America filed this lawsuit seeking a money judgment against Defendant Roger Hudson based on a loan of $200,000 made by Plaintiff to Defendant on or about October 21, 1985 pursuant to the Consolidated Farm and Rural Development Act. The loan is memorialized by a promissory note. (Pl.'s Mot. for Summ. J., Ex. A.) Defendant failed to repay the loan consistent with the terms of the note, and Plaintiff accelerated the indebtedness on June 17, 1991. On or about October 20, 1998, Defendant signed an Application for Settlement of Indebtedness ("Application"). The parties have filed cross-motions for summary judgment on the issue of whether Plaintiff's claim is barred by limitations. For the reasons stated below, Plaintiff's motion will be granted, and Defendant's motion will be denied.

A.

Defendant first argues that the execution of an Application cannot restart an expired limitations period in a suit based on a contract with the federal government. All actions for money damages brought by the government, or an agency of the government, founded upon a contract are barred unless the complaint is filed within six years from the date upon which the cause of action accrues. 28 U.S.C.

-1-

§ 2415(a). However, "in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment." *Id.*

Acknowledgments or partial payments are sufficient to restart the limitations period even when the original limitations period has completely expired. In *United States v. Milam*, 855 F.2d 739, 740 (11th Cir. 1988), the defendant triggered the six-year limitations period in § 2415(a) in August 1975 by defaulting on his student loans. The government failed to file suit to collect on the loans prior to the expiration of the limitations period in August 1981. *Id.* at 740. In July 1983, the defendant made a partial payment on the loans. *Id.* The Eleventh Circuit, finding that § 2415(a) does not distinguish between acknowledgments or partial payments made during the original limitations period and acknowledgments or payments made after the sixth year, held that the July 1983 payment restarted the six-year limitations period anew. *Id.* The Eleventh Circuit's rule adopts the common law rule[1] that Congress sought to codify when it enacted § 2415(a). *See, e.g., United States v. Rollinson*, 866 F.2d 1463, 1468 (D.C. Cir. 1989).

B.

An Application for Settlement of Indebtedness, like the one entered into by Defendant in the instant case, has been held to be an acknowledgment of indebtedness sufficient to restart the limitations

---

[1] *See* ; 4 WILLISTON ON CONTRACTS § 8:21 (4th ed. 1993) ("[A] promise by a debtor to pay his debt, whether then barred by the statute of limitations, [is] effective to bind the promisor for a new statutory period."); RESTATEMENT (SECOND) OF CONTRACTS § 82 cmt. b, illus. 2 (1981) ("A owes B three debts of $500 each. All of the debts are barred by the statute of limitations. A writes to B, 'I promise to pay you one of those $500 debts which I owe; the other two I shall not pay.' A's promise of $500 is binding.").

period on a contract claim by the government. *United States v. J.R. LaPointe & Sons, Inc.*, 950 F. Supp. 21, 23-24 (D. Me. 1996). Therefore, Plaintiff's claim is timely if it was filed within six years of Defendant's execution of the Application.

Defendant argues that he did not execute the Application on October 20, 1998. If the Application was executed at any time prior to that date, the six year period of limitations would bar Plaintiff's suit because it was not filed until October 20, 2004. In resolving a motion for summary judgment, a court should only deny that motion if the non-moving party can produce "concrete evidence" such that a reasonable jury could return a verdict in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When a defendant asserts a statute of limitations defense, the defendant carries the burden of production as to every element of that defense. *E.g., In re Physicians Corp. of America Securities Litig.*, 50 F. Supp. 2d 1304, 1319 (S.D. Fla. 1999); *Ver Brycke v. Ver Brycke,* 379 Md. 669, 699, 843 A.2d 758, 775 (2004); *see also* 51 AM. JUR. 2D *Limitation of Actions* § 424 (2d ed. 2000). As part of this burden, a defendant must prove the date on which the limitations period began to run. *E.g., Peters Bay Owners Ass'n, Inc. v. Stillman*, 58 F. Supp. 2d 647, 650 (D. V.I. 1999); *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Defendant has failed to meet his burden to produce concrete evidence to carry his burden of proof as to the date on which the limitations period began to run. Defendant has averred that the date on the Application, October 20, 1998, is not in his handwriting and that he does not recall when he signed the document. (Hudson Aff. ¶ 4.) In response, Plaintiff has produced the affidavit of Annette Cottman, an employee of the Farm Service Agency ("FSA") of the United States Department of Agriculture. Ms. Cottman avers that she is familiar with the facts of Defendant's case. (Cottman Aff. ¶

2.)  She further avers that on September 30, 1998, she sent Mr. Hudson's representative a blank, undated Application (*Id.* ¶ 4.), and that on November 9, 1998 her office received the completed Application signed by Defendant.  (*Id.* ¶ 5.)

The evidence shows that Defendant does not recall the date on which he signed the Application.  It is also beyond dispute that Plaintiff was not present when the Application was signed.  Defendant has not offered any concrete evidence tending to show that the Application was signed prior to October 20, 1998.  A reasonable jury evaluating the evidence presented here would be compelled to conclude that the most reasonable explanation is that the Application was executed on the date written in the space designated "date" on the document, October 20, 1998.

C.

Plaintiff has not yet submitted any affidavit or other supporting papers establishing the amount of the debt owed by the Defendant.  Plaintiff is directed to so within two weeks of today.

A separate order follows.

April 29, 2005                         /s/
Date                                           J. Frederick Motz
                                               United States District Judge